672 A.2d 813

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Duane BURLINGAME, Appellee.**

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Terry ORNDORFF, Appellee.**

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Clyde E. HARRIS, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 24, 1996.

Filed March 5, 1996.

Laura Pawloski, Assistant District Attorney, York, for Commonwealth, appellant.

Richard K. Renn, York, for appellees.

Before McEWEN, President Judge, and SAYLOR and HOFFMAN, JJ.

SAYLOR, Judge:

This is an appeal by the Commonwealth from an order entered by the Court of Common Pleas of York County dismissing charges of harassment and ethnic intimidation that had been filed against Appellees, Duane Burlingame, Terry Orndorff, and Clyde E. Harris. The charges resulted from Appellees' conduct during a labor dispute between the United Auto Workers ("UAW") and Caterpillar, Inc. in August of 1994. Finding no error, we affirm.

Appellees were charged with the summary offense of harassment pursuant to 18 Pa.C.S.A. § 2709(a)(3), which reads as follows:

(a) **Harassment.**—A person commits the crime of harassment when, with intent to harass, annoy or alarm another person:

. . . . .

(3) he engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose.

18 Pa.C.S.A. § 2709(a)(3). Subsection (e) of section 2709, added by the legislature in 1993, reads as follows:

(e) **Application of section.**—This section shall not apply to conduct by a party to a labor dispute as defined in the act of June 2, 1937 (P.L. 1198, No. 308), known as the Labor Anti–Injunction Act [43 P.S. § 206a *et seq.*) ],[1] or to any constitutionally protected activity.

18 Pa.C.S.A. § 2709(e). Based on the same conduct, Appellees were also charged with the offense of ethnic intimidation.[2]

Following a preliminary hearing, the charges were bound over for court. Appellees then filed motions for habeas corpus seeking the dismissal of the charges. Appellees argued that since the actions which gave rise to the harassment charges constituted conduct by a party to a labor dispute, the prosecution was barred by the provisions of section 2709(e), and that since ethnic intimidation cannot stand alone as a separate offense, such charge should also be dismissed.

1. As defined in the Labor Anti–Injunction Act, "[t]he term 'labor dispute' includes any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment or concerning employment relations or any other controversy arising out of the respective interests of employer and employe, regardless of whether or not the disputants stand in the proximate relation of employer and employe, and regardless of whether or not the employes are on strike with the employer." 43 P.S. § 206c(c).

2. A person commits the offense of ethnic intimidation "if, with malicious intention toward the race, color, religion or national origin of another individual ..., he commits an offense under[, *inter alia,*] any other provision of this article [Article B of the Crimes Code, Offenses Involving Danger to the Person] ... with respect to such individual...." 18 Pa.C.S.A. § 2710(a). Therefore, by definition, the offense of ethnic intimidation requires the commission of a predicate offense.

The evidence introduced by the Commonwealth at the habeas corpus hearing disclosed that on August 30, 1994, Appellees were engaged in picketing in front of the Caterpillar plant in York, Pennsylvania. The parties stipulated that at that time and place Caterpillar and the UAW were in the midst of a labor dispute. As workers who had crossed the picket lines were attempting to drive away from the plant at the end of their shift, Appellees, all of whom were UAW members, allegedly approached the workers' cars, pointed fingers at the workers, and screamed insults, some of which included racial epithets. In addition, one of the Appellees, Clyde E. Harris, allegedly spit on a car.

The trial court found that Appellees' actions constituted a course of conduct which seriously alarmed and annoyed the victims and which served no legitimate purpose within the meaning of the harassment statute.[3] It also found, however, that since Appellees were parties to a labor dispute at the time they engaged in such conduct, the provisions of section 2709(e) required dismissal of the harassment charges.[4] This appeal by the Commonwealth followed.

On appeal, the Commonwealth contends that the trial court erred in its application of section 2709(e). It argues that the language of section 2709(e) is ambiguous, thus requiring recourse to principles of statutory construction. The Commonwealth's argument, as we understand it, is that section 2709(e), if properly construed, applies only to conduct which could not be enjoined under the Labor Anti–Injunction Act. However, this is not what the statute says. When the words of a statute are clear and unambiguous, we must give effect to their plain meaning. Section 2709(e) provides, quite simply, that section 2709 of the Crimes Code, which defines the crime of harassment, does not apply to conduct by a party to a labor dispute as that term is defined by the Labor Anti–Injunction Act. Since it is beyond question that Appellees'

3. Appellees attempted to challenge this finding by means of a crossappeal, which was quashed upon motion of the Commonwealth.

4. The court also dismissed the charges of ethnic intimidation since, as noted *supra,* that offense requires the commission of another crime.

598

conduct, however offensive, occurred during a labor dispute to which they were parties, it is shielded from prosecution under the harassment statute and the charges were properly dismissed.

Order affirmed.